# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| GEORGE R. HUGHES, and <br> MARTHA HUGHES <br><br>     Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br> VINOD H. THOURANI, M.D., and <br> EMORY UNIVERSITY, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action File No.:

**1 03 CV 0161**

TWT

## COMPLAINT

**COME NOW** George R. Hughes and Martha Hughes, Plaintiffs in the above referenced civil action, and file this their complaint for damages against the above named Defendants, showing the Court the following:

1.

Plaintiffs are a resident of the state of Georgia with standing to bring the present action.

2.

The United States of America (hereinafter referred to as the "United States") is a Defendant in this action pursuant to the Federal Tort Claims Act, 28 USC § 1346 (b)(1).

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 303___
(404) 253-7860 (phone)
(404) 253-7875 (fax)

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC

*1*

3.

The claims against the United States are based on the negligent acts and omissions of certain employees of the United States Department of Veteran Affairs who were working at the VA Medical Center in Decatur, Georgia at the time of the events described herein.

4.

The said employees of the United States were acting within the scope of their employment.

5.

The said employees of the United States were acting under circumstances wherein the United States, if a private person, would be liable to the Plaintiffs in accordance with the law of the State of Georgia, the place where the negligent acts and omissions occurred.

6.

The United States District Court for the Northern District of Georgia has subject matter jurisdiction in this case under 28 USC § 1331 and 28 USC § 1346 (b)(1), in that claims under the Federal Tort Claims Act involve federal questions and are addressed to the exclusive jurisdiction of the United States District Courts.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

7.

Subject matter jurisdiction as to the claims against the other Defendants named herein is based upon supplemental jurisdiction under 28 USC § 1367 in that the claims against the other Defendants are so related to the claims against the United States that they form a part of the same case or controversy.

8.

Pursuant to FRCP 4(i), service of process upon the United States may be perfected by delivering a copy of the Summons and Complaint to the United States Attorney for the Northern District of Georgia, or such clerical employee designated by the United States Attorney in a writing filed with the Clerk of Court, or by sending a copy of the Summons and Complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

9.

Pursuant to 28 USC § 1402 (b), venue in this action is appropriate in the Northern District of Georgia in that this is the judicial district wherein the acts or omissions complained of herein occurred.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

10.

Plaintiffs have satisfied all conditions precedent to pursuit of their claims herein against the United States and have complied with the statutory requirements of 28 USC § 2675 to pursue and exhaust administrative remedies.

11.

Plaintiffs submitted their separate administrative claims to the Secretary of the Department of Veterans Affairs by correspondence dated March 11, 2002. Receipt of these claims was acknowledged in a letter from the Office of General Counsel for the Department of Veterans Affairs dated April 12, 2002, which shows that the claim was received on March 19, 2002. Furthermore, Plaintiffs administrative claims were received by the Office of Regional Counsel for the Department of Veterans Affairs on April 15, 2002, as confirmed by letter from W. M. Thigpin, Esq., dated April 29, 2002.

12.

Although the Department of Veterans Affairs has not denied the Plaintiffs' claims, the agency has failed to make a final disposition of the claims within six months after they were filed. At the option of the Plaintiffs, this is deemed a final denial of the claim for purposes of satisfying the exhaustion of administrative remedies requirement.

Chambers, Aholl & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

13.

Defendant Vinod H. Thourani, M.D. (hereinafter referred to as Dr. Thourani") is an individual residing and practicing medicine in the state of Georgia.

14.

Dr. Thourani is subject to the jurisdiction of this court.

15.

Service of process upon Dr. Thourani may be perfected in this matter by personal service at his residence address located at 6614 Wandering Way, Norcross, Gwinnett County, Georgia 30093, or as otherwise permitted under the Federal Rules of Civil Procedure.

16.

Emory University is a Georgia domestic non-profit corporation.

17.

Emory University is subject to the jurisdiction of this court.

18.

Service of process upon Emory University may be perfected in this matter by service upon its registered agent, Joan C. Grafstein, at its registered office address located at 401 Administration Building, Atlanta, DeKalb

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

County, Georgia 30322, or as otherwise permitted under the Federal Rules of Civil Procedure.

19.

In January of 2001, George R. Hughes was a 51 year old male and an ongoing patient at the V.A. Medical Center in Decatur, Georgia.

20.

As of January of 2001, Mr. Hughes had a history of chronic obstructive pulmonary disease and congestive heart failure and was no longer able to work due to these conditions.

21.

On January 24, 2001, Mr. Hughes was seen at the V.A. Medical Center due to a history of rectal bleeding, and underwent a colonoscopy and CT Scan of his abdomen. This testing documented the presence of polyps and the results were suspicious for potential colorectal cancer.

22.

On February 5, 2001, Mr. Hughes was admitted to the V.A. Medical Center for the purpose of undergoing an exploratory laparotomy, and surgical treatment of the suspected cancer.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

Page -6-

23.

Mr. Hughes underwent surgery on February 8, 2001. The surgical procedures included an exploratory laparotomy, a low anterior resection and a stapled end-to-end rectosigmoid anastomosis.

24.

The Operative Report for this procedure identifies the primary surgeon as Dr. Vinod Thourani and the assistant surgeon as Dr. Faraz Kerendt. (This appears to be a misspelling of the name since this doctor is elsewhere identified as Kerendi). The Operative Report also indicates that Dr. Charles Staley participated in the surgery as an attending physician. From the records, it appears that Dr. Thourani was a resident and Dr. Staley was supervising the surgery.

25.

The identity of the surgeons differs somewhat in a document entitled "Nurse Intra-Operative Report." This record identifies the surgeon as Dr. Thourani, the attending surgeon as "Kevin G. Staley" and identifies two assistant surgeons, Albert A. Ward and Derrek J. Massanari. This record does not identify Dr. Faraz Kerendt or Kerendi as a participant in the surgery.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

26.

The Nurse Intra-Operative Report identifies Johnny L. Walton as a scrub nurse and Cheryl M. Whitten and Khalilah Ali as circulating nurses who participated in the February 8, 2001 surgery.

27.

During the surgery, what was described as an extremely large colorectal lesion was removed from the rectosigmoid area. This mass was found to have been tightly tethered to the bladder, but according to the Operative Report was removed in its entirety without complications. The Operative Report also indicates that the surgeons did not identify any indication of liver metastasis and did not see any other masses during the exploratory laparotomy. Subsequent pathology analysis confirmed that the lesion was carcinoma, however, the pathologist identified no signs of metastasis in other sampled tissues.

28.

The Nurse Intra-Operative Report, signed by Cheryl Whitten, RN, indicated that a sponge count was performed with the counter being Johnny L. Walton and that the counts had been verified by Nurse Whitten.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7660 (phone)
(404) 253-7875 (fax)

Page -8-

29.

The chart also contains a separate document entitled "Peri-Operative Nursing Note," which is again identified as having been signed by Cheryl M. Whitten, RN. This report notes that the patient was, "at risk for injury related to retained foreign object," and states that procedures were implemented for instrument, sharps and sponge counts and that the patient's wound had been closed with all sharps, sponges and instruments accounted for.

30.

A few days after the surgery, Mr. Hughes began showing signs of potential bowel obstruction and thus on February 15, 2001, a CT Scan of his abdomen was obtained. This scan confirmed the presence of a high-grade bowel obstruction and the presence of a foreign body in Mr. Hughes' abdomen consistent with a retained lap sponge.

31.

The finding that at a sponge had been left in Mr. Hughes' abdomen at the time of initial surgery necessitated further surgery to remove the sponge since the sponge was causing bowel obstruction.

32.

Corrective surgery was thus performed on February 15, 2001, to remove

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

the sponge. The record indicates that due to concerns about the degree of dissection that was required to remove the sponge and potential resulting leakage to the prior anastomosis site, the surgeon elected to also perform an ileostomy.

33.

It was also necessary for the surgeon to do a fascia only closure of Mr. Hughes' abdomen in order to facilitate healing after the initial surgical incision had to be reopened.

34.

Following this surgery, the pathologist reported that the sponge was measured to be 25 centimeters by 20 centimeters in its largest dimensions.

35.

Following the second surgery, Mr. Hughes developed necrosis at the edges of the fascial tissue with fascial dehiscence and a partial evisceration of his small bowel through an opening in the fascia and the breakdown of the surgical repair. This necessitated a third surgery involving an exploratory laparotomy, debridement and irrigation procedure.

36.

As a result of the retained sponge, Mr. Hughes' first hospitalization,

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

which should have involved only days of confinement in the hospital, actually ran from February 5, 2001 until March 16, 2001.

37.

Mr. Hughes then had to undergo a fourth surgery on April 17, 2001, to take down the ileostomy and repair the ileostomy incision site. This involved a second admission in the hospital which ran from April 16, 2001 until April 23, 2001.

38.

The trauma from the multiple surgeries left Mr. Hughes with a large ventral hernia, which would require further surgery to repair his abdomen. In the meantime, he was forced to endure marked abdominal distension and to wear constrictive bands to help contain his abdominal contents and prevent worsening of the hernia.

39.

In January and March of 2002, Mr. Hughes was again admitted to the VA hospital for observation in connection with small bowel obstructions likely due to abdominal adhesions from his prior surgeries.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

40.

In March of 2002 Mr. Hughes had an abdominal CT scan and colonoscopy which were negative for recurrence or metastisis of the cancer.

41.

Mr. Hughes underwent surgery to repair the ventral hernia in May of 2002. The report of this surgery described the hernia as "a very large anterior abdominal wall hernia measuring 16 centimeters in width times 32 centimeters in length. There was also extensive adhesions of the omentum and small bowel to the hernia." The surgery involved placement of a gortex graft.

42.

On this admission, Mr. Hughes was hospitalized from May 6, 2002 through May 20, 2002.

43.

Unfortunately, the hernia repair surgery failed within weeks after discharge from the hospital.

44.

Mr. Hughes returned to the emergency room on June 9, 2002. It was then noted that the surgical wound had reopened exposing the gortex. There was also wound infection present.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

### 45.

Mr. Hughes thus had to undergo yet another surgery on June 11, 2002 in which the gortex mesh was replaced with a vicryl mesh. The surgery required reopening Mr. Hughes' abdomen and his abdomen had to be closed with the mesh exposed due to lack of adequate tissue to close the wound.

### 46.

For this surgery, Mr. Hughes was hospitalized from June 10, 2002 through June 14, 2002.

### 47.

Mr. Hughes has since undergone further surgery to place a skin graft over the wound site.

### 48.

Mr. Hughes will likely require even more surgery to further address his ventral hernia which still has not been fully repaired.

### 49.

Due to the delays caused by Mr. Hughes unnecessary abdominal trauma, Mr. Hughes was also unable to timely undertake chemotherapy and by the time he was able to consult an oncologist, the value of chemotherapy was much reduced. As such, a reasonable decision was made that the limited benefit of

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

chemotherapy at that point did not justify undergoing chemotherapy, and Mr. Hughes has thus had no treatment for the cancer other than the initial surgery.

50.

In connection with his care and treatment of Mr. Hughes, Nurse Johnny L. Walton was negligent and deviated from the applicable standards of care by the following:

a. In failing to properly count and verify the count of sponges used during the February 8, 2001 surgery and removed from Mr. Hughes' body prior to the closure and completion of the procedure; and

b. In failing to assure that no foreign bodies were left in Mr. Hughes' body in connection with the February 8, 2001 surgery.

51.

Nurse Walton's negligence and deviations from the standards of care include, without limitation, those negligent acts and/or omissions set forth in the Affidavit of Leslie S. Leighton, M.D., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

Page -14-

52.

As a direct and proximate result of the negligence of Nurse Walton, Mr. Hughes suffered unnecessary pain and suffering, disfigurement and expense.

53.

In connection with his care and treatment of Mr. Hughes, Nurse Walton was acting as an employee of the United States.

54.

The United States is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Nurse Walton, under principles of agency and Respondiat Superior.

55.

In connection with her care and treatment of Mr. Hughes, Nurse Cheryl M. Whitten was negligent and deviated from the applicable standards of care by the following:

a. In failing to properly count and verify the count of sponges used during the February 8, 2001 surgery and removed from Mr. Hughes' body prior to the closure and completion of the procedure; and

b. In failing to assure that no foreign bodies were left in Mr. Hughes' body in connection with the February 8, 2001 surgery.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

56.

Nurse Whitten's negligence and deviations from the standards of care include, without limitation, those negligent acts and/or omissions set forth in the Affidavit of Leslie S. Leighton, M.D., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1.

57.

As a direct and proximate result of the negligence of Nurse Whitten, Mr. Hughes suffered unnecessary pain and suffering, disfigurement and expense.

58.

In connection with her care and treatment of Mr. Hughes, Nurse Whitten was acting as an employee of the United States.

59.

The United States is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Nurse Whitten, under principles of agency and Respondiat Superior.

60.

In connection with his care and treatment of Mr. Hughes, Dr. Staley was negligent and deviated from the applicable standards of care by the following:

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

a.    In failing to properly count and verify the count of sponges used during the February 8, 2001 surgery and removed from Mr. Hughes' body prior to the closure and completion of the procedure;

b.    In failing to assure that no foreign bodies were left in Mr. Hughes' body in connection with the February 8, 2001 surgery; and

c.    In failing to properly supervise Nurses Johnny L. Walton and Cheryl M. Whitten in connection with the foregoing matters.

61.

Dr. Staley's negligence and deviations from the standards of care include, without limitation, those negligent acts and/or omissions set forth in the Affidavit of Leslie S. Leighton, M.D., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1.

62.

As a direct and proximate result of the negligence of Dr. Staley, Mr. Hughes suffered unnecessary pain and suffering, disfigurement and expense.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

Page -17-

63.

In connection with his care and treatment of Mr. Hughes, Dr. Staley was acting as an agent and/or employee of The United States.

64.

The United States is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Dr. Staley, under principles of agency and Respondiat Superior.

65.

In connection with his care and treatment of Mr. Hughes, Dr. Staley was acting as an actual and/or employee of Emory University.

66.

Emory University is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Dr. Staley, under principles of agency and Respondiat Superior.

67.

In connection with his care and treatment of Mr. Hughes, Dr. Thourani was negligent and deviated from the applicable standards of care by the following:

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

a.  In failing to properly count and verify the count of sponges used during the February 8, 2001 surgery and removed from Mr. Hughes' body prior to the closure and completion of the procedure;

b.  In failing to assure that no foreign bodies were left in Mr. Hughes' body in connection with the February 8, 2001 surgery; and

c.  In failing to properly supervise Nurses Johnny L. Walton and Cheryl M. Whitten in connection with the foregoing matters.

68.

Dr. Thourani's negligence and deviations from the standards of care include, without limitation, those negligent acts and/or omissions set forth in the Affidavit of Leslie S. Leighton, M.D., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1.

69.

As a direct and proximate result of the negligence of Dr. Thourani, Mr. Hughes suffered unnecessary pain and suffering, disfigurement and expense.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

70.

In connection with his care and treatment of Mr. Hughes, Dr. Thourani was acting as an agent and/or employee of Emory University.

71.

Emory University is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Dr. Thourani, under principles of agency and Respondiat Superior.

72.

Alternatively, if Dr. Thourani is deemed to have been acting as an employee of the United States, then the United States is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Dr. Thourani under principles of agency and Respondiat Superior.

73.

In addition to Drs. Staley and Thourani, other medical personnel assisted in the surgery, including Albert A. Ward, Derrek J. Massanari, and Faraz Kerendi.

74.

To the extent that Mr. Ward, Dr. Massanari and/or Dr. Kerendi

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

Page -20-

participated in the retrieval of surgical sponges, counting of surgical sponges, closure of the abdomen following the surgical procedures, or supervision of the surgical nurses in such matters, these doctors were negligent and deviated from the applicable standards of care by:

    a.    Failing to properly count and verify the count of sponges used during the February 8, 2001 surgery and removed from Mr. Hughes' body prior to the closure and completion of the procedure;

    b.    Failing to assure that no foreign bodies were left in Mr. Hughes' body in connection with the February 8, 2001 surgery; and

    c.    Failing to properly supervise Nurses Johnny L. Walton and Cheryl M. Whitten in connection with the foregoing matters.

75.

The negligence and deviations from the standards of care by Mr. Ward, Dr. Massanari and Dr. Kerendi include, without limitation, those negligent acts and/or omissions set forth in the Affidavit of Leslie S. Leighton, M.D., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

76.

As a direct and proximate result of the negligence of Mr. Ward, Dr. Massanari and Dr. Kerendi, Mr. Hughes suffered unnecessary pain and suffering, disfigurement and expense.

77.

In connection with their care and treatment of Mr. Hughes, Mr. Ward, Dr. Massanari and Dr. Kerendi were acting as agents and/or employees of Emory University.

78.

Emory University is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Mr. Ward, Dr. Massanari and Dr. Kerendi, under principles of agency and Respondiat Superior.

79.

Alternatively, if Mr. Ward, Dr. Massanari and Dr. Kerendi are deemed to have been acting as employees of the United States, then the United States is vicariously liable for any and all damages recoverable by the Plaintiffs in this matter due to the acts or omissions of Mr. Ward, Dr. Massanari and Dr. Kerendi under principles of agency and Respondiat Superior.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

80.

The sequelae of the negligence of the Defendants and their agents included causing Plaintiff to have to undergo multiple physical injuries, medical complications, functional impairment, disfigurement and pain and suffering.

81.

The sequelae of the negligence of the Defendants and their agents required Mr. Hughes to undergo multiple surgeries and to incur necessary expense in connection with this care and treatment.

82.

Due to the negligent acts and omissions of the Defendants and their agents, Mr. Hughes sustained permanent injuries, disfigurement, functional limitations and disability.

83.

The negligence of each of the Defendants and their agents, as aforesaid, was a substantial contributing factor in proximately causing Mr. Hughes' personal injuries, disfigurement, need for medical treatment, medical complications, functional limitations, disabilities and unnecessary pain and suffering.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

84.

Each of the Defendants herein are joint tortfeasors and are jointly and severally liable for the personal injuries, disfigurement, need for medical treatment, medical complications, functional limitations, disabilities and unnecessary pain and suffering of Mr. Hughes and all damages sought herein by Plaintiffs.

85.

Plaintiff George R. Hughes is entitled to recover monetary damages from all of the Defendants, jointly and severally, in order to compensate him for his pain and suffering, personal injuries, medical expenses and disability in such amounts as are proven at trial.

86.

As a direct and proximate result of the Defendants' negligence as aforesaid, Plaintiff Martha Hughes has suffered a loss of her husband's services, society, companionship and consortium.

87.

Plaintiff Martha Hughes is entitled to recover monetary compensation from all of the Defendants, jointly and severally, for this loss of consortium and services.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

**WHEREFORE**, Plaintiffs pray for the following:

a.   That summons be issued and served upon the Defendants as provided for by law;

b.   That Plaintiff George R. Hughes have verdict and judgment entered in his favor against each of the Defendants herein, jointly and severally, for monetary damages in the amount of $1,750,000.00, or such lesser amount as the judge or jury finds appropriate based on the evidence at trial;

c.   That Plaintiff Martha Hughes have verdict and judgment entered in her favor against each of the defendants herein, jointly and severally, for monetary damages in connection with her loss of her husband's consortium and services in the amount of $250,000.00, or such lesser amount as the judge or jury finds appropriate based on the evidence at trial;

d.   That all costs of this action be cast against the Defendants; and

e.   That Plaintiffs have and receive such further relief as is just and proper.

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

*Signatures on the following page . . .*          Page -25-

This the 21st day of January, 2003.

CHAMBERS, AHOLT & RICKARD, LLP.

By: _Eugene P. Chambers Jr._    per DCR
Eugene P. Chambers, Jr.
Georgia Bar No. 118800

By: _Dale C. Ray_
Dale C. Ray, Jr.
Georgia Bar No. 596095

Attorneys for Plaintiffs George Hughes and Martha
Hughes

Chambers, Aholt & Rickard, LLP
One Midtown Plaza
1360 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
(404) 253-7860 (phone)
(404) 253-7875 (fax)

# United States District Court

## NORTHERN DISTRICT OF GEORGIA; ATLANTA DIVISION

**ORIGINAL**

GEORGE R. HUGHES, and
MARTHA HUGHES,

      PLAINTIFFS,

**SUMMONS IN A CIVIL CASE**

              **V.**

CASE NUMBER **1 03 CV 0161**

THE UNITED STATES OF AMERICA,
VINOD H. THOURANI, M.D. and
EMORY UNIVERSITY,

      DEFENDANTS.

TO:    The United States of America,
       c/o United States Attorney for the Northern District of Georgia,
       William S. Duffey, Jr.
       United States Attorney's Office, Northern District
       600 U.S. Courthouse
       75 Spring Street, SW
       Atlanta, Georgia 30303

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Eugene P. Chambers, Jr.
Dale C. Ray, Jr.
CHAMBERS, AHOLT & RICKARD, LLP
One Midtown Plaza
1360 Peachtree Street, N.W.
Suite 1000
Atlanta, Georgia 30309
Telephone: 404-253-7860

an answer to the complaint which is herewith served upon you, within _60_ days after service of this summons upon you,
exclusive the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**LUTHER D. THOMAS**

CLERK

JAN 2 1 2003

DATE

_J. Williams_

(BY) DEPUTY CLERK

# United States District Court

<u>NORTHERN DISTRICT OF GEORGIA; ATLANTA DIVISION</u>

**ORIGINAL**

GEORGE R. HUGHES, and
MARTHA HUGHES,

        PLAINTIFFS,

                **V.**

THE UNITED STATES OF AMERICA,
VINOD H. THOURANI, M.D. and
EMORY UNIVERSITY,

        DEFENDANTS.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER **1 03 CV 0161**

TO:    Emory University
        c/o Ms. Joan C. Grafstein, Registered Agent
        401 Administration Building
        Atlanta, Georgia 30322

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Eugene P. Chambers, Jr.
Dale C. Ray, Jr.
CHAMBERS, AHOLT & RICKARD, LLP
One Midtown Plaza
1360 Peachtree Street, N.W.
Suite 1000
Atlanta, Georgia 30309
Telephone: 404-253-7860

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you,
exclusive the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**LUTHER D. THOMAS**
_____
CLERK

JAN 21 2003
_____
DATE

_Williams_
_____
(BY) DEPUTY CLERK

# United States District Court

<u>NORTHERN DISTRICT OF GEORGIA; ATLANTA DIVISION</u>

**ORIGINAL**

GEORGE R. HUGHES, and
MARTHA HUGHES,

        PLAINTIFFS,

                    V.

THE UNITED STATES OF AMERICA,
VINOD H. THOURANI, M.D. and
EMORY UNIVERSITY,

        DEFENDANTS.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **1 03 CV 0161**

TO:    Vinod H. Thourani, M.D.
        6614 Wandering Way
        Norcross, Georgia 30093

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Eugene P. Chambers, Jr.
Dale C. Ray, Jr.
CHAMBERS, AHOLT & RICKARD, LLP
One Midtown Plaza
1360 Peachtree Street, N.W.
Suite 1000
Atlanta, Georgia 30309
Telephone: 404-253-7860

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**LUTHER D. THOMAS**
_____
CLERK

_Williams_
_____
(BY) DEPUTY CLERK

**Jan 2 1 2003**
_____
DATE