**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 19 2004

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| MARTHA HUGHES individually and as Administratrix of the Estate of GEORGE R. HUGHES, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Case No. 1:03-CV-0161-TWT |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE FROM LIABILITY

This Stipulation for Compromise Settlement and Release from Liability (hereinafter referred as "Agreement") is made and entered into between MARTHA HUGHES individually and as Administratrix of the Estate of George R. Hughes (hereinafter referred to as "Plaintiff"), and the UNITED STATES OF AMERICA (hereinafter referred to as "Defendant"), so that the claims against Defendant in the above-captioned matter shall be settled and compromised, and Defendant, its agents, agencies, servants and employees shall be released from liability, upon the terms and conditions set forth herein;

WHEREAS, on or about January 21, 2003, Plaintiff and George R. Hughes filed the above-styled civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging negligent acts and omissions on the part of



agents and/or employees of the defendant in the course of one or more surgical procedures in which George R. Hughes was the patient;

WHEREAS, George R. Hughes subsequently died and Plaintiff was appointed as Administratrix of his estate; and

WHEREAS, the Defendant does not admit liability herein.

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Plaintiff and the Defendant, by and through their respective attorneys, as follows:

1. Plaintiff and Defendant do hereby agree to settle and compromise the above-styled action under the terms and conditions set forth herein.

2. Defendant agrees to pay to Plaintiff the sum of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), which sum shall, pursuant to 28 U.S.C. § 2672 and all other applicable laws, be in full settlement and satisfaction of, and the payment of which shall constitute a full and complete release from liability for, any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, damage to property, and consequences thereof, resulting, and to result, from the same subject matter(s) that gave rise to the above-captioned lawsuit, including any claims for wrongful death, which Plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the Defendant, its agents, agencies, servants, and

employees.

3.   Plaintiff and her heirs, executors, administrators or assigns, hereby agree to accept the sum of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), in full settlement and satisfaction of, and agree that the Defendant, its agents, agencies, servants and/or employees shall be fully and completely released from liability for, any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, damage to property, and the consequences thereof, which she may have or hereafter acquire against Defendant, its agents, agencies, servants, and employees, on account of the same subject matter(s) that gave rise to the above-captioned lawsuit, including any future claim for wrongful death.  Plaintiff and her heirs, executors, administrators, or assigns, further agree to reimburse, indemnify and hold harmless, Defendant, its agents, agencies, servants, and employees, from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests, incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her agents, executors, administrators, or assigns against any third party or against Defendant, including claims for wrongful death.

4.   This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of Defendant, its agents, servants, and employees, and is entered into

by both parties for the purpose of compromising disputed claims and avoiding the expense and risks of litigation.

5. It is also agreed, by and among the parties, that the settlement amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. Payment of the settlement amount will be made by electronic funds transfer or by a check drawn on the Treasury of the United States for FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) and made payable to Plaintiff and her attorney, EUGENE P. CHAMBERS, JR. Any such check will be delivered to Plaintiff's attorney at the following address: Chambers Aholt & Rickard, 1360 Peachtree Street, One Midtown Plaza, Suite 910, Atlanta, GA 30309. Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff.

8. If Defendant fails to carry out or rescind any action specified by the terms of this Agreement for any reason not attributed to the acts or conduct of Plaintiff, her exclusive remedy will be an action in federal court for breach and/or

enforcement of this Agreement.

9. Plaintiff acknowledges that she understands the provisions of this Agreement and the legal effect thereof and that she has entered into this Agreement fully and without coercion or undue influence and that she has sought the advice of counsel regarding this Agreement. In making this Agreement, Plaintiff relies solely upon the advice of her own counsel, and their own belief, knowledge, and judgment regarding the nature, extent, effect and duration of the alleged damages and losses, and the alleged liability of Defendant regarding the allegations of the above-captioned matter.

10. Plaintiff warrants and represents that she has not sold, assigned, granted, conveyed or transferred to any other person, firm, corporation, partnership (general or limited), joint venture, trust or estate, business, association, or other entity any of the claims, demands, rights of action, causes of action, lawsuits, judgments, claims for costs, attorneys' fees, damages, losses or expenses referred to herein. Plaintiff and her heirs, executors, administrators, legal representatives or assigns, agree that they may not sue, make or maintain any claims against the releasees arising out of this action, and will indemnify and hold the defendant harmless.

11. Plaintiff and Defendant agree that this Agreement is to be governed by, construed, and interpreted in accordance with federal law, and where appropriate, the laws of the State of

Georgia.

12.  The terms of this Agreement are contractual, not a mere recital, and shall be binding upon and inure to the benefit of Plaintiff and Defendant.

13.  The Plaintiff agrees that she will, immediately upon receipt of payment as set forth above, cause her attorney to execute and file with the court such documents as shall be necessary to cause the above-styled action to be dismissed with prejudice from the docket of the court.

14.  The parties understand that this Agreement contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or her respective counsel, not included herein shall be of any force and effect.

EXECUTED this 19th day of May, 2004.

_____
MARTHA HUGHES, individually and
as Administratrix of the Estate
of George R. Hughes

_____
EUGENE P. CHAMBERS, JR.
Attorney for Plaintiff
1360 Peachtree Street
One Midtown Plaza, Suite 910
Atlanta, Georgia 30309
Georgia Bar No. 118800
DALE C. RAY, JR
Georgia Bar No. 596095

_____
ALONZO H. LONG
Assistant U.S. Attorney
Counsel for the Defendant
75 Spring Street, S.W.
Atlanta, Georgia 30303
(404) 581-6067
(404) 581-6150 (fax)
Georgia Bar No. 402502

GEORGIA PROBATE COURT
STANDARD FORM

STATE OF GEORGIA
COUNTY OF DEKALB

2003-1908

# LETTERS OF ADMINISTRATION
(Bond Waived and/or Certain Powers Granted at Time of Appointment)

By Marion Guess, Judge of the Probate Court of said County.

WHEREAS, **George Robert Hughes** died intestate

domiciled in this County;

and this Court granted an order appointing **Martha Hughes** as Administrator of the estate of said decedent, on condition that said Administrator give oath as required by law; and the said Administrator having complied with said condition; the Court hereby grants unto said Administrator full power to collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will extend, according to law, and then to pay over the balance, if any, to the heirs of said decedent, and to do and perform all other duties as such Administrator, according to the laws of this State. In addition, this Court has:

a. waive the bond of the Administrator and grant to the Administrator the power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the income beneficiaries, at least annually, a statement of receipts and disbursements.

b. grant to the Administrator all of the powers contained in O.C.G.A.§ 53-12-232 not included in (a) above.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this **25th day of November, 2003**.

NOTE: The following must be signed if the judge does not sign the original of this document:

Issued by:

_____
CLERK, PROBATE COURT

MARION GUESS
JUDGE OF THE PROBATE COURT

(Seal)

BOOK 2054 PAGE 286

Effective 7/98

GPCSF 49

# CERTIFICATE OF DEATH — STATE OF GEORGIA

State File Number: 3396

**DECEASED**

- Decedent's Name: George Robert HUGHES
- Sex: Male
- Date of Death: July 22, 2003
- Race: White
- Origin of Decedent: American
- Date of Birth: April 5, 1949
- Age: 54
- County of Death: DeKalb
- City, Town or Location of Death: Decatur
- Hospital or Other Institution Name: DeKalb Medical Center
- If Hospital or Inst. Indicate: Dead on Arrival
- State and County of Birth: KY/Boyd
- Citizen of What Country: USA
- Married/Never Married/Widowed/Divorced: Married
- Spouse: Martha Lonita Hyde
- Was Decedent Ever in U.S. Armed Forces: Yes
- Social Security Number: 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
- Usual Occupation: Plumber
- Kind of Industry or Business: Self Employed
- Residence – State: Georgia
- County: DeKalb
- City, Town or Location: Scottdale 30079
- Street and Number and Zip Code: 702 Milton St.
- Inside City Limits: No

**PARENTS**

- Father's Name: Joseph Franklin Hughes
- Mother's Maiden Name: Helen Louise Hughes

**INFORMANT**

- Informant's Name: Mrs. Martha L. Hughes
- Mailing Address: 702 Milton St., Scottdale, GA 30079
- Relationship: Wife

**DISPOSITION**

- Burial, Cremation, Removal: Burial
- Disposition Date: July 25, 2003
- Cemetery or Crematory Name: Melwood Cemetery
- Location: Stone Mountain, GA  DeKalb
- Funeral Director: (signed)
- Fun. Dir. License No.: SH
- Name and Address of Facility: A. S. Turner & Sons, P. O. Box 4000, Decatur, GA 30031-4000
- Est. License No.: 21
- Embalmer: R. E. Corley
- Embalmer License No.: 2076

**CAUSE OF DEATH**

PART I

- A. Immediate Cause: Congestive Heart Failure
- B. Due to: Arteriosclerotic Cardiovascular Disease
- C.

PART II — Other Significant Conditions: Renal Failure, Hypertensive Vascular Disease

- Autopsy: No
- Was Operation Performed: No

**CERTIFIER**

- Date Signed: August 6, 2003
- Hour of Death: unk
- Date Pronounced Dead: July 22, 2003
- Hour Pronounced Dead: 1610
- Name, Title, and License No. of Certifier: John B. Parker, M.D., M.E.
- Phys. Lic. No.: 015296
- Address of Certifier: 3550 Kensington Rd., Decatur, GA 30032

**REGISTRAR**

- Registrar: Wanda Cason
- Date Received by Registrar: AUG 07 2003

Form 3903 (Rev. 9-00)   GEORGIA DEPARTMENT OF HUMAN RESOURCES/VITAL RECORDS SERVICE   DO NOT FOLD THIS CERTIFICATE

---

# Certificate of Record

This is an exact copy of the death certificate received for filing in DeKalb County.

County custodian: Wanda Cason

Issued by: _____   Date: 8-7-2003

**DEFENDANT'S EXHIBIT**

6